UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES ALVIN ALLEN Jr., III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY ELLIOTT IMPD officer, )<br>KIMBERLY EVANS IMPD officer, )<br>KEVIN WHITE IMPD officer, )<br>ROBERT HASTINGS IMPD officer, )<br>CHRIS FAULDS IMPD officer, )<br>WILLIAM SLAYTON Park Ranger, )<br>A. HOTSELLER Sheriff deputy, )<br>CARPENTER IMPD Sgt., )<br>BARTINIS NITE CLUB, )<br>CADILLAC RANCH NITE CLUB, )<br>)<br>Defendants. ) | No. 1:15-cv-01420-JMS-MJD |

**Entry Discussing Motion for Judgment on the Pleadings**

Plaintiff Charles Allen brings this complaint pursuant to 42 U.S.C. § 1983 based on his claims that he was falsely arrested. Defendants Kevin White, Robert Hastings, and Granite City Restaurant Operations Inc. (named by Allen as Bartinis Nite Club and Cadillac Ranch Nite Club) ("Granite City") move for judgment on the pleadings on the claims against them. Allen has not responded to the motion. For the reasons that follow, the motion for judgment on the pleadings [dkt 53] is **granted**.

**I. Standard**

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standard that applies to a motion to dismiss under Rule 12(b)(6). *United States v. Wood,* 925 F.2d 1580, 1581 (7th Cir. 1991). A "court may consider only

matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F. 2d 357, 358 (7th Cir. 1987) (citing *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F. 2d 174, 177 n. 2 (7th Cir. 1986)). The Court should "take all well-pleaded allegations in the plaintiffs' pleadings to be true, and [should] view the facts and inferences to be drawn from those allegations in the light most favorable to the plaintiffs. *Republic Steel Corp.*, 785 F. 2d at 177 n. 2. However, "a court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986)). The documents a court may consider under Rule 12(c) include the complaint, the answer, and any written exhibits attached as exhibits [to either]." *N. Indiana Gun & Outdoor Shows, Inc.* 163 F. 3d at 452 452 (7th Cir. 1998) (citing Fed R. Civ. P. 10(c)) "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that [the moving party] is entitled to judgment as a matter of law." *Karaganis,* 811 F. 2d at 358 (citing *Flora v. Home Fed. Savings & Loan Ass'n*, 685 F. 2d 209, 211 (7th Cir. 1982)).

## II. Factual Background

Allen alleges that the defendants violated his civil rights under 42 U.S.C. §1983; and that he was "falsely implicated," "falsely arrested," and "wrongfully incarcerated." In screening the complaint, the Court ruled that Allen had stated a claim for false arrest and malicious prosecution against defendants Robert Hastings and Kevin White and that he had stated tort claims for malicious prosecution against Granite City. Dkt. 11.

As alleged in the Complaint, Allen was identified by several police officers as well as Hastings and White, as the individual who battered a police officer on September 14, 2013. Dkt. 1. Subsequent to this identification, Allen was arrested by an Indianapolis Metropolitan Police Department ("IMPD") officer, and then incarcerated for battery and resisting arrest. *Id.*

At the time, White and Hastings were employed by Granite City. *Id.* ("Claim 2"). Officers Timothy Elliot, Kimberly Evans, Chris Faulds, William Slayton, A. Hotseller, and Carpenter (collectively the "Officers") along with White, Hastings, and Granite City, all state in their respective Answers that White and Hastings are not police officers. (Defendants' Answer to Plaintiff's Complaint and Affirmative Defenses, n.1,2).

### III. Discussion

The defendants Hastings, White, and Granite City move for judgment on the pleadings on Allen's § 1983 and state law claims.

A. *Allen's Claims under 42 U.S.C. § 1983*

Defendants White and Hastings move to dismiss Allen's § 1983 claims because they were not acting under color of state law for purposes of Allen's claims.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of

state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941).

Allen alleges in his complaint that White and Hastings were off duty police officers acting as nightclub bouncers at the time of the allegations of his complaint. Whether or not they were also separately employed as police officers at the time does not cloak them with the authority of state law. A determination that an individual acts under the color of the law turns largely on the "nature of the specific acts the police officer performed." *Pickrel v. City of Springfield,* 45 F.3d 1115, 1118 (7th Cir. 1995). "The acts of officers in the ambit of their personal pursuits are plainly excluded" from what is meant by under the color of the law. *Screws v. United States,* 325 U.S. 91, 111 (1944). Thus, the correct "inquiry is whether the police officer's actions related in some way to the performance of a police duty." *Gibson v. Chicago,* 910 F.2d 1510, 1517 (7th Cir.1990). "To convert an off-duty status to one where the officer was acting under the color of the law, the off-duty officer must purport to exercise police authority in some manner, such as flashing a badge, identifying himself as a police officer, placing an individual under arrest, or performing a duty imposed by police department regulations." *Mendez v. Village of Tinley Park,* 2008 WL 427791 (N.D.Ill. 2008) (citing *Rivera v. La Porte,* 896 F.2d 691, 696 (2d Cir.1990)). Allen does not allege that White and Hastings identified themselves as police officers, placed him under arrest, or performed any other police duty. He merely claims these individuals "falsely implicated" him for crimes of battery on an officer and resisting arrest. Because any citizen may provide identification information, this alone is not an exercise of police authority. Allen has therefore failed to state

sufficiently that White and Hastings were acting under color of law for purposes of his § 1983 claims.[1]

B. *State Law Claims*

In screening the Complaint, the Court identified a state tort claim for malicious prosecution against Granite City based on Allen's allegation that he was wrongfully identified as the perpetrator of a crime which resulted in his arrest and prosecution. The defendants move for judgment on the pleadings of this claim because they are entitled to qualified privilege for statements made in reporting a crime to police.

The Indiana Supreme Court has held that eyewitnesses who identify a possible perpetrator of a crime to police – whether correctly or incorrectly – are entitled to qualified privilege against suit. *Williams v. Tharp*, 914 N.E.2d 756 (Ind. 2009). The privileged occasion implicated in this case relates to the public interest in "encourag[ing] private citizens and victims not only to report crime, but also to assist law enforcement with investigating and apprehending individuals who engage in criminal activity." *Id.* The chief benefit is "enhanced public safety by facilitating the investigation of suspected criminal activity." *Williams v. Tharp*, 914 N.E.2d 756, 762–63 (Ind. 2009). A statement "may lose its privileged character upon a showing of abuse wherein: (1) the communicator was primarily motivated by ill will in making the statement; (2) there was excessive publication of the defamatory statements; or (3) the statement was made without belief or grounds for belief in its truth." *Id.* at 763-64.

---

[1] In screening the complaint, the Court did not identify a § 1983 claim against Granite City. Nor would one have survived if it had identified such a claim. The reason for this is that this defendant, like Hastings and White, is not alleged to have acted under "color of state law" for purposes of § 1983.

5

Allen alleges in his Complaint that the defendants falsely identified him as an individual who had battered a police officer. These alleged statements fall squarely within the realm of statements that are entitled to qualified immunity under *Williams*. While the *Williams* court explains that a statement may lose its qualified character in certain circumstances, Allen has not sufficiently alleged any of those circumstances. As the defendants point out, he has not alleged that White or Hastings knew him or had any reason to falsely accuse him of being the individual who battered an officer. He also fails to allege that White and Hastings's identification was excessively published, alleging only that they were two of several individuals who identified Allen as the potential suspect at the scene of the battery. The defendants have therefore shown that, based on Allen's allegations, they are entitled to qualified immunity. Because he has failed to respond to the motion for judgment on the pleadings, he has failed to rebut this argument. Accordingly, the defendants are entitled to judgment as a matter of law on Allen's state law malicious prosecution claims.

### IV. Conclusion

For the foregoing reasons, the motion for judgment on the pleadings filed by defendants White, Hastings, and Granite City (identified in the Complaint as Bartini's Nite Club and Cadillac Ranch Nite Club) [dkt 53] is **granted**. All claims against those defendants are **dismissed.** No partial final judgment shall issue as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: <u>September 28, 2016</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

6

Distribution:

All electronically registered counsel

Charles Alvin Allen, III
Plainfield Short Term Offender Program Facility
501 West Main St. Dorm 235
Plainfield, IN 46168