UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES ALVIN ALLEN Jr., III, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:15-cv-01420-JMS-MJD |
| TIMOTHY ELLIOTT IMPD officer, | ) |
| KIMBERLY EVANS IMPD officer, | ) |
| CHRIS FAULDS IMPD officer, | ) |
| WILLIAM SLAYTON Park Ranger, | ) |
| A. HOTSELLER Sheriff deputy, | ) |
| CARPENTER IMPD Sgt., | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Charles Allen brings this action pursuant to 42 U.S.C. § 1983 based on claims that he was falsely arrested and maliciously prosecuted. Allen alleges that defendants, Timothy Elliott, Kimberly Evans, Chris Faulds, William Slayton, Andrew Hotseller, and Scott Carpenter, who are all law enforcement officers, are responsible for wrongly accusing him of a crime, which resulted in the false arrest and malicious prosecution. The defendants move for summary judgment on these claims against them. Allen has responded to the motion. For the reasons that follow, the motion for summary judgment, dkt. [96] is **granted**.[1]

---

[1] In response to the motion for summary judgment, Allen asserts that the Court did not "acknowledge" some of his original claims, or his Amended Complaint submitted in November of 2016, and states that he is resubmitting 58 claims. To the extent that Allen can be understood to be arguing that he raised claims in his original complaint that the Court did not address, the Entry of December 1, 2015, (dkt. 11), provided him with an opportunity to so notify the Court, and he did not do so. To the extent Allen can be understood to challenge that denial of his motion

**Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

**Facts**

On September 14, 2013, IMPD officer Tim Elliott was working off-duty security for Cadillac Ranch/Bartini's Night Club located at 39 West Jackson Place in Indianapolis. Dkt. 97-1. He was wearing his full police uniform. *Id*. Around 2:43 a.m., he observed a black male, later identified as Aloric Carson, and a white male, later identified as Justin Melton, fighting in the 250 to 300 block of South Meridian Street. *Id*. Elliott approached the fight, announced that he was a police officer and ordered Carson and Melton to stop fighting. *Id.*

---

to amend, that motion was denied as untimely, (dkt. 90), and Allen has identified no error in that ruling or any other reason to revive any previously-dismissed claims.

While Elliott was attempting to break up the fight, a third male with short dreadlocks and a red flannel-type shirt, later identified as Charles Allen, ran toward him and punched him in the chest.² *Id*. Due to the punch, Elliott was thrown back and knocked off balance. *Id*. According to Elliott, Allen yelled at Carson, "Come on bro! Let's go! Let's go!" *Id*. Both Carson and Allen then fled south on Meridian Street. *Id*.

Elliott unholstered his taser and pursued them on foot. *Id*. He loudly commanded them to "Stop! Police! Stop or you will be tased." *Id*. During the pursuit, they decided to split up. *Id*. Elliott followed Carson and caught up with him shortly after. *Id*. Park Ranger William Slayton then arrived on scene and assisted Elliott with handcuffing Carson. *Id*. IMPD officer Chris Faulds witnessed the fight, the assault on Elliott, and the foot pursuit. *Id*. Kevin White and Robert Hastings, security guards for Cadillac Ranch/Bartini's Nightclub also witnessed the incident. *Id*. at pp. 2-3.

IMPD officer Kimberly Evans was working downtown foot patrol on the morning of September 14, 2013. Dkt. 97-2 at ¶ 3. Around 2:44 a.m., a white male, later identified as White or Hastings, flagged down Evans. *Id*. at ¶ 4. He frantically pointed at a black male with dreadlocks and a red flannel-type shirt who was walking north on Meridian street. *Id*. at ¶ 5. The white male stated that the man he was pointing at had punched a police officer. *Id*. at ¶ 6. Evans told the black male with dreadlocks and a red flannel-type shirt that the police were conducting an investigation and that she needed to temporarily detain him. *Id*. at ¶ 7. She radioed Elliott and asked him to come to her location. *Id*. at ¶ 8. Elliott arrived at her location within one to two

---

² Allen asserts that Elliott initially described his assailant as being heavy set and wearing a white shirt. He refers to police reports or police recordings, but does not provide them or any other admissible evidence to support this assertion.

minutes. *Id*. at ¶ 9. Elliott identified the black male with dreadlocks and a red flannel-type shirt as the individual who punched him. *Id*. The individual was identified as Allen. Dkt. 97-1.

Elliott arrested Allen for battery on an officer and resisting law enforcement. *Id*. Marion County Sheriff's Deputy Andrew Hotseller transported Allen to the Arrestee Processing Center. Dkt. 97-3. IMPD Sergeant Scott Carpenter arrived on scene to complete a use of force report for Elliott's failed attempt to taser Carson. Dkt. 97-1. Allen's booking photo shows that at the time of his arrest he had short dreadlocks and a red flannel-type shirt. Dkt. 97-4. The Marion County Prosecutor's Office charged Allen with battery on an officer and resisting law enforcement in violation of Indiana law under cause number 49F18-1309-FD-060983. Dkt. 97-5. On August 25, 2016, Allen was found guilty after a trial of both offenses and the added offense of being a habitual offender. Dkt. 97-6. The judge sentenced Allen to two consecutive 1,095-day sentences and a concurrent 365-day sentence at the Indiana Department of Corrections. Dkt. 97-7. At present, Allen's convictions have not been vacated or set aside.

## Discussion

Allen brings claims against the defendants for false arrest and malicious prosecution. In support of these claims, Allen contends that Elliott initially described his assailant as a heavy set man wearing a white t-shirt, but that Allen is not heavy set and was wearing a red plaid shirt. Allen asserts that Elliott later changed his description of the attacker to match Allen's description.

The defendants seek summary judgment on Allen's claims arguing, among other things, that they are barred by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars any suit for damages premised on a violation of civil rights if the basis for the suit is

inconsistent with or would undermine the constitutionality of a conviction or sentence. *Id.* at 489-90. This includes the claims raised by Allen. But *Heck* does not bar every false arrest claim. Specifically, *Heck* does not bar a claim if that false arrest "does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Booker v. Ward,* 94 F.3d 1052, 1056 (7th Cir. 1996). Nevertheless, *Heck* bars false arrest claims if "specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann v. Neilsen,* 466 F.3d 619, 621 (7th Cir. 2006). "'It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.'" *Id.* 466 F.3d at 621-22 (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)); *see also Gordon v. Miller*, 528 F. App'x 673, 674 (7th Cir. 2013) ("Because prevailing on his assertion that he never drove the pickup would undermine his outstanding conviction on the charge that he drove it while intoxicated, the case is barred by *Heck.*"); *Okoro*, 324 F.3d at 490 (by challenging the validity of the guilty verdict by denying that there were any drugs and arguing that he was framed, the plaintiff was barred by *Heck*); *Purnell v. McCarthy*, No. 14 C 2530, 2017 WL 478301, at *3 (N.D. Ill. Feb. 6, 2017) (finding false arrest claim precluded by *Heck* because the "claim relies on allegations that are flatly inconsistent with the facts supporting [the] convictions"). *See Patterson v. Leyden,* 947 F.Supp. 1211, 1217 (N.D.Ill.1996) (Where "the arresting officer witnessed the crime and the conviction [was] based on his testimony, proof of the crime is *ipso facto* proof of probable cause."); *Lang v. City of Round Lake Park,* 87 F.Supp.2d 836, 843 (N.D.Ill. 2000) ("[T]here was no difference between the evidence used to determine probable cause and that used to determine guilt.").

Here, Allen asserts a man in a white shirt assaulted Elliott while Allen himself was wearing a red shirt the night of the incident. He contends that Elliott therefore did not have probable cause to arrest him and his prosecution for this crime was malicious. Allen's allegations, if true, would necessarily require a conclusion that he is not guilty of the crimes for which he was convicted – battery on a police officer and resisting law enforcement. His claims are therefore barred by *Heck* and this case must be dismissed without prejudice.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [96], is **granted**. Allen's motion to reconsider the ruling on his previous motion to compel discovery, dkt. [136], is **denied**. This action is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Date: 8/9/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES ALVIN ALLEN, III
Plainfield Short Term Offender Program Facility
501 West Main St. Dorm 235
Plainfield, IN 46168

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

6

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Cynthia Elaine Lasher
NORRIS CHOPLIN & SCHROEDER LLP
clasher@ncs-law.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

Thomas J.O. Moore
OFFICE OF CORPORATION COUNSEL
thomas.moore@indy.gov

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov

Bradley J. Wombles
NORRIS CHOPLIN & SCHROEDER
bwombles@ncs-law.com